1    PATTISHALL, McAULIFFE, NEWBURY,
       HILLIARD & GERALDSON LLP
2    ROBERT W. SACOFF
       MARK V. B. PARTRIDGE
3    J. MICHAEL MONAHAN, II
       311 South Wacker Drive, Suite 5000
4    Chicago, Illinois 60606
       Telephone: 312-554-8000
5    Facsimile: 312-554-8015
       Email: rsacoff@pattishall.com
6            mvbp@pattishall.com
             mm@pattishall.com
7    (*pro hac vice* appearance pending)

8    GLYNN & FINLEY, LLP
       CLEMENT L. GLYNN, Bar No. 57117
9    ADAM FRIEDENBERG, Bar No. 205778
       One Walnut Creek Center
10   100 Pringle Avenue, Suite 500
       Walnut Creek, CA 94596
11   Telephone: (925) 210-2800
       Facsimile: (925) 945-1975
12   Email: cglynn@glynnfinley.com
             afriedenberg@glynnfinley.com
13
       Attorneys for Plaintiff
14   Ticketmaster Corporation

15

16                      UNITED STATES DISTRICT COURT

17                     NORTHERN DISTRICT OF CALIFORNIA

18
                                                    )
19   TICKETMASTER CORPORATION,          )   Case No.
                                                    )
20                      Plaintiff,                  )   COMPLAINT FOR
                                                    )   CYBERSQUATTING, TRADEMARK
21         vs.                                      )   INFRINGEMENT, UNFAIR
                                                    )   COMPETITION AND DILUTION
22   DAVID CHERNOW,                     )
                                                    )
23                      Defendant.                  )
                                                    )
24   _____)

25         Plaintiff Ticketmaster Corporation alleges as follows:

26                            **THE PARTIES**

27         1.      Plaintiff, Ticketmaster Corporation, is an Illinois corporation with its

28   principal place of business at 8800 Sunset Boulevard, Los Angeles, California 90069.

                                        - 1 -

1     2.     Defendant, David Chernow, is an individual citizen of California with an

2     address at Post Office Box 99800, Emeryville, California 94662, doing business online as Big

3     Ticket Master ("Defendant").

4                              **JURISDICTION AND VENUE**

5     3.     This Court has jurisdiction because this action arises under the Trademark

6     Act of 1946, as amended, 15 U.S.C. §§ 1051-1141 (the "Lanham Act"), and, therefore, 28 U.S.C.

7     § 1338(a) and (b) confer jurisdiction.  This Court also has jurisdiction because this is a civil

8     action between citizens of different states and the matter in controversy exceeds the sum or value

9     of $75,000, exclusive of interests and costs.  This Court has jurisdiction over the state law claims

10    under the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

11    4.     Venue is proper in this Court under 28 U.S.C. § 1391(a) because

12    Defendant resides in this judicial district and under 28 U.S.C. § 1391 (b) because a substantial

13    part of the events or omissions giving rise to the claims occurred in this judicial district.

14                             **INTRADISTRICT ASSIGNMENT**

15    5.     Pursuant to Northern District of California, Civil Local Rule 3-2(c),

16    assignment of this action to the San Francisco Division or the Oakland Division of this Court is

17    appropriate as a substantial part of the events or omissions giving rise to this action occurred

18    in Alameda County, California.

19                                        **FACTS**

20    6.     Ticketmaster Corporation, through its corporate affiliates and related

21    companies (collectively, "Ticketmaster"), sells tickets to live entertainment and sporting events

22    in 20 markets worldwide, acting as an agent on behalf of its clients.  In 2006 Ticketmaster sold

23    tickets to more than 223,000 distinct events in the United States, including concerts, sporting

24    events, arts and theatre, and family entertainment. Ticketmaster celebrated its 30th anniversary

25    in 2006 and currently serves more than 9,000 clients worldwide, providing ticketing services for

26    hundreds of leading arenas, stadiums, performing arts venues, museums and theaters.  In 2006,

27    Ticketmaster sold more than 128 million tickets valued at over $7 billion on behalf of its clients,

28    through a network of approximately 6,500 retail Ticket Center outlets located in cities in the

COMPLAINT FOR CYBERSQUATTING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND DILUTION

1   United States and other countries, more than 20 worldwide telephone call centers, the

2   <ticketmaster.com> web site and other Ticketmaster-operated Internet sites.

3           7.    Ticketmaster uses the domain name <ticketmaster.com> to sell event

4   tickets online.  Anyone in the world with a valid credit card and Internet access can utilize

5   Ticketmaster's web site to buy tickets for entertainment events.

6           8.    Long prior to Defendant's conduct described herein, Ticketmaster or its

7   predecessors adopted, and Ticketmaster has continuously used, the inherently distinctive

8   TICKETMASTER mark for ticketing and related services throughout the United States.

9           9.    As a result of Ticketmaster's continuous and extensive marketing and

10  sales, and the resulting widespread use of its services, the public has come to recognize and

11  associate the TICKETMASTER name and mark with Ticketmaster and its services.

12  Consequently, TICKETMASTER is a well-known and famous service mark, and Ticketmaster

13  has come to own an enormously valuable goodwill symbolized by the TICKETMASTER mark.

14          10.   Ticketmaster has duly registered its TICKETMASTER mark in the United

15  States Patent & Trademark Office and owns valid and subsisting federal service mark

16  registrations including the following:

17

| MARK | REG. NO. | REG. DATE | GOODS/SERVICES |
|---|---|---|---|
| TICKETMASTER | 1,746,016 | January 12, 1993 | IC 035: Accounting services for ticket sales rendered by computer; and, promoting sporting events, musical concerts and other entertainment events; ticket agency services for sporting events, musical concerts and other entertainment events. |
| TICKETMASTER .COM | 2,464,562 | June 26, 2001 | IC 035: On-line ticket agency services for sporting events, musical concerts and other entertainment events. |
| *ticketmaster* | 2,742,550 | July 29, 2003 | IC 016: Printed tickets for sporting events, musical concerts and other entertainment events.<br><br>IC 035: Ticket agency services for dinner and hotel reservations; ticket agency services for sporting events, musical concerts and other entertainment events, rendered |

- 3 -

COMPLAINT FOR CYBERSQUATTING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND DILUTION

| MARK | REG. NO. | REG. DATE | GOODS/SERVICES |
|---|---|---|---|
| | | | online, through phone orders and through ticket outlets; promotion of sporting events, musical concerts and other entertainment events of others; retail outlets featuring CDs, videos, and general consumer merchandise in the fields of sports, arts, and theatre. IC 041: Arranging for ticket reservations for sporting events, musical concerts and other entertainment events. |
| *ticketmaster* | 2,643,508 | October 29, 2002 | IC 016: Printed tickets for sporting events, musical concerts and other entertainment events. IC 035: Ticket agency services for dinner and hotel reservations; ticket agency services for sporting events, musical concerts and other entertainment events, rendered online, through phone orders and through ticket outlets; promotion of sporting events, musical concerts and other entertainment events of others; retail outlets featuring CDs, videos, and general consumer merchandise in the fields of sports arts, and theatre. IC 041: Arranging for ticket reservations for sporting events, musical concerts and other entertainment events. |

11.    Ticketmaster's exclusive right to use the TICKETMASTER mark is incontestable under 15 U.S.C. §§ 1065 and 1115, and the certificates of registration for Reg. Nos. 1,746,016 and 2,464,562 of the TICKETMASTER mark constitute "conclusive evidence" of the validity of the registered mark, of Ticketmaster's ownership of the mark, and of Ticketmaster's exclusive right to use the mark in connection with the goods or services specified in these registrations.  15 U.S.C. § 1115.

12.    Ticketmaster has spent many millions of dollars to promote its ticketing services under the TICKETMASTER mark.

/ / /

/ / /

13.  Ticketmaster's long use and promotion have made the TICKETMASTER mark well-known and famous and have created a strong secondary meaning signifying Ticketmaster and the services sold under the TICKETMASTER mark.

14.  Defendant is engaged in the business of selling tickets to various events online in competition with Ticketmaster.

15.  In connection with its business, Defendant has registered and is using the domain name <bigticketmaster.com> ("the Infringing Domain Name") to direct Internet users to a web site for its ticketing business.

16.  The Infringing Domain Name is confusingly similar to the TICKETMASTER mark because it incorporates the famous and distinctive TICKETMASTER mark in its entirety.

17.  The Infringing Domain Name uses the TICKETMASTER mark in connection with common descriptive or generic words which do not avoid confusing similarity between the Infringing Domain Name and the TICKETMASTER marks.

18.  Defendant has used the Infringing Domain Name to divert Internet users from Ticketmaster's web sites.

19.  Ticketmaster's lawyers have sent a letter to Defendant demanding that he cease use of and transfer to Ticketmaster the Infringing Domain Name.  Defendant has failed to respond or comply.

20.  On information and belief, Defendant made no legitimate use of any term identical or similar to the TICKETMASTER mark before registering the Infringing Domain Name.

21.  On information and belief, Defendant does not have any intellectual property rights in the Infringing Domain Name, or any other term identical with or similar to the TICKETMASTER mark.

22.  On information and belief, Defendant intends to use the Infringing Domain Names to attract and divert Internet users from Ticketmaster's web sites to the

1  Defendant's web site for commercial gain based on a likelihood of confusion as to the source,

2  sponsorship, affiliation or endorsement, with Ticketmaster and its TICKETMASTER mark.

3         23.     On information and belief, Defendant's actions have been and continue to

4  be committed intentionally with full knowledge of Ticketmaster's prior rights and the fact that

5  such actions are likely to cause confusion, mistake or deception, and in a deliberate attempt to

6  trade on Ticketmaster's goodwill.

7         24.     On information and belief, Defendant's use of the Infringing Domain

8  Name has been and continues to be made with a bad faith intent to profit from the

9  TICKETMASTER mark.

10        25.     Defendant's use of the TICKETMASTER mark in connection with the

11  Infringing Domain Name is likely to cause confusion and deception as to source, sponsorship,

12  affiliation or endorsement, with Ticketmaster and its TICKETMASTER mark.

13        26.     Defendant's use of the TICKETMASTER mark in connection with the

14  Infringing Domain Names deceptively represents that its web site is related to or authorized by

15  Ticketmaster.

16                        **FIRST CLAIM FOR RELIEF**

17                          **(CYBERSQUATTING)**

18        27.     Ticketmaster re-alleges paragraphs 1 through 25, as if fully set forth

19  herein.

20        28.     Defendant's actions constitute cybersquatting in violation of the Anti-

21  cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

22        29.     Defendant's acts greatly and irreparably injure Ticketmaster and will

23  continue to so injure Ticketmaster unless restrained by this Court; wherefore, Ticketmaster is

24  without an adequate remedy at law.

25                        **SECOND CLAIM FOR RELIEF**

26                        **(TRADEMARK INFRINGEMENT)**

27        30.     Ticketmaster re-alleges paragraphs 1 through 25, as if fully set forth

28  herein.

COMPLAINT FOR CYBERSQUATTING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND DILUTION

1         31.     Defendant's acts have caused or are likely to cause confusion, mistake or

2  deception as to the source or origin, sponsorship or approval of the Defendant or its services, in

3  that purchasers and others in this judicial district and elsewhere in the United States are likely to

4  believe that Defendant is associated with or related to Ticketmaster or is authorized by

5  Ticketmaster to sell ticketing services under the TICKETMASTER mark.

6         32.     Defendant's acts injure Ticketmaster's image and reputation with

7  consumers in this judicial district and elsewhere in the United States by creating confusion

8  about, and dissatisfaction with, Ticketmaster.

9         33.     Defendant's deliberate use of the TICKETMASTER mark in the

10 Infringing Domain Name constitutes trademark infringement of the TICKETMASTER marks in

11 violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and the common law of the various

12 states.

13        34.     Defendant's acts greatly and irreparably damage Ticketmaster and will

14 continue to so damage Ticketmaster unless restrained by this Court; wherefore, Ticketmaster is

15 without an adequate remedy at law.

16                           **THIRD CLAIM FOR RELIEF**

17                             **(UNFAIR COMPETITION)**

18        35.     Ticketmaster re-alleges paragraphs 1 through 25, as if fully set forth

19 herein.

20        36.     Defendant's acts constitute unfair competition with Ticketmaster in

21 violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and the common law of the

22 various states, including Arizona.

23        37.     Defendant's acts greatly and irreparably damage Ticketmaster and will

24 continue to so damage Ticketmaster unless restrained by this Court; wherefore, Ticketmaster is

25 without an adequate remedy at law.

26 / / /

27 / / /

28 / / /

COMPLAINT FOR CYBERSQUATTING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND DILUTION

**FOURTH CLAIM FOR RELIEF**

**(TRADEMARK DILUTION)**

1

2

3      38.   Ticketmaster re-alleges paragraphs 1 through 25, as if fully set forth

4 herein.

5      39.   Defendant's acts are likely to tarnish Ticketmaster's valuable business

6 reputation and goodwill and are likely to blur the distinctiveness of the famous and distinctive

7 TICKETMASTER trademark.

8      40.   Defendant's acts of dilution and tarnishment are intentional and willful.

9      41.   Defendant's acts constitute dilution and tarnishment of Ticketmaster's

10 famous TICKETMASTER trademark in violation of Section 43(c) of the Lanham Act. 15

11 U.S.C. § 1125(c).

12      42.   Defendant's acts greatly and irreparably damage Ticketmaster and will

13 continue to so damage Ticketmaster unless restrained by this Court; wherefore, Ticketmaster is

14 without an adequate remedy at law.

15      WHEREFORE, Ticketmaster prays:

16      1.   That Defendant, and all persons acting in concert or participating with

17 Defendant, be preliminarily and permanently enjoined from:

18      a)   registering or maintaining any registration of the Infringing

19 Domain Name or any other names, words, designations or symbols consisting of, incorporating

20 in whole or part, or otherwise confusingly similar to the TICKETMASTER mark or any other

21 trade names, trademarks or service marks of Ticketmaster;

22      b)   using the Infringing Domain Name or any other names, words,

23 designations or symbols consisting of, incorporating in whole or part, or otherwise confusingly

24 similar to the TICKETMASTER mark or any other trade names, trademarks or service marks of

25 Ticketmaster;

26      c)   using any names, words, designations or symbols consisting of,

27 incorporating in whole or part, or otherwise similar to the TICKETMASTER mark or any other

28 Ticketmaster trademark anywhere on any web site or web sites of Defendant.

- 8 -

1            d)     using any names, words, designations or symbols consisting of,

2 incorporating in whole or part, or otherwise similar to the TICKETMASTER mark or any other

3 Ticketmaster trademark in any buried code, metatags, search terms, keywords, key terms, hits

4 generating pages, or any other devices used, intended, or likely to cause any web site or web

5 sites of Defendant to be listed by any Internet search engines in response to any searches that

6 include any terms identical with or confusingly similar to the TICKETMASTER mark or any

7 other Ticketmaster trademarks;

8            e)     using any names, words, designations or symbols consisting of,

9 incorporating in whole or part, or otherwise similar to the TICKETMASTER mark or any other

10 Ticketmaster trademark in any e-mail or other marketing solicitations sent to consumers;

11            f)     otherwise infringing Ticketmaster's trademarks;

12            g)     making any description or representation stating or implying that

13 Defendant's goods or services, domain names or web sites are in any way affiliated, associated,

14 authorized, sponsored, endorsed or otherwise connected with Ticketmaster; and

15            h)     any other conduct that is likely to cause confusion or to cause

16 mistake or to deceive as to the source, affiliation, connection or association of Defendant's

17 domain names, web sites, products or services with Ticketmaster.

18         2.     That Defendant be ordered to disclose to the Court and Ticketmaster all

19 other domain name registrations owned directly or indirectly by Defendant, or by entities in

20 which Defendant has a financial interest, to permit the Court and Ticketmaster to consider

21 whether any such other registrations should be subject to relief in this matter.

22         3.     That Defendant, and all persons acting in concert or participating with

23 Defendant, be ordered to transfer to Ticketmaster the Infringing Domain Name and any other

24 infringing domain names as may be determined by the Court as appropriate herein for relief. 15

25 U.S.C. § 1125(d)(1)(C).

26         4.     That Defendant be ordered to pay statutory damages in the amount of

27 $100,000.00 per infringing domain name.  15 U.S.C. § 1117(d).

28 */ / /*

COMPLAINT FOR CYBERSQUATTING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND DILUTION

1        5.    That Defendant be ordered to pay Ticketmaster all profits realized by

2    Defendant by reason of their unlawful acts as set forth in this Complaint.  15 U.S.C. § 1117(a).

3        6.    That Defendant be ordered to pay Ticketmaster all damages suffered by

4    Ticketmaster by reason of Defendant's trademark infringement as set forth in this Complaint.  15

5    U.S.C. § 1117(a).

6        7.    That the Court award Ticketmaster three times the damages suffered by

7    reason of the intentional, unlawful acts of Defendant as set forth in this Complaint.  15 U.S.C. §§

8    1117(a).

9        8.    That Defendant be required to file with this Court and serve on the

10    undersigned counsel for Ticketmaster, within thirty (30) days after the entry of judgment, a

11    written report under oath setting forth in detail the manner in which Defendant has complied

12    with the injunction ordered by this Court.  15 U.S.C. § 1116.

13        9.    That Defendant be ordered to pay to Ticketmaster the costs of this action

14    and its reasonable attorneys' fees.  15 U.S.C. §§ 1117(a).

15        10.    That Ticketmaster shall have such other relief as this Court may deem just

16    and proper.

17        Dated: November 30, 2007

18        PATTISHALL, McAULIFFE, NEWBURY,
    HILLIARD & GERALDSON LLP

19        ROBERT W. SACOFF
    MARK V. B. PARTRIDGE

20        J. MICHAEL MONAHAN, II
    311 South Wacker Drive, Suite 5000
    Chicago, Illinois 60606

21        (*pro hac vice* appearance pending)

22        GLYNN & FINLEY, LLP
    CLEMENT L. GLYNN

23        ADAM FRIEDENBERG
    One Walnut Creek Center

24        100 Pringle Avenue, Suite 500
    Walnut Creek, CA  94596

25

26

27        By
    Attorneys for Plaintiff
    Ticketmaster Corporation

28

- 10 -