PATTISHALL, McAULIFFE, NEWBURY, HILLIARD & GERALDSON LLP
ROBERT W. SACOFF
MARK V. B. PARTRIDGE
J. MICHAEL MONAHAN, II
311 South Wacker Drive, Suite 5000
Chicago, Illinois 60606
Telephone: 312-554-8000
Facsimile: 312-554-8015
(*pro hac vice* appearance pending)

GLYNN & FINLEY, LLP
CLEMENT L. GLYNN (Bar No.57117)
ADAM FRIEDENBERG (Bar No. 205778)
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975

Attorneys for Plaintiff
Ticketmaster Corporation

UNITED STATES DISTRICT COURT
IT IS SO ORDERED
Judge James Ware
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TICKETMASTER CORPORATION, Plaintiff, vs. DAVID CHERNOW, Defendant. | Case No. 3:07-CV-06075 **STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER RELIEF** |

Plaintiff, Ticketmaster Corporation ("Plaintiff"), and defendant, David Chernow ("Defendant"), hereby seek to resolve all matters arising from the allegations in the above-captioned case and consent to the entry of this Stipulated Final Judgment and Order for permanent injunction and other equitable relief ("Order").

**FINDINGS:**

1. This Court has jurisdiction because: (1) this action arises under the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d), Section 32 of the Lanham Act (15 U.S.C. § 1114) and the common law of the various states, Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)) and the common law of carious states, including Arizona, Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (2) this is a civil action between citizens of different states and the value of the amount in controversy exclusive of interest and cost exceeds seventy-five thousand dollars ($75,000.00), and jurisdiction, therefore, is proper in accordance with 28 U.S.C. § 1332.

2. Jurisdiction for the law claims is proper in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

3. Ticketmaster, together with its related companies (collectively, "Ticketmaster") sells tickets to live entertainment and sporting events in 20 markets worldwide, acting as an agent on behalf of its clients. In 2006, Ticketmaster sold tickets to more than 223,000 distinct events in the United States, including concerts, sporting events, arts and theatre, and family entertainment. Ticketmaster celebrated its 30th anniversary in 2006 and currently serves more than 9,000 clients worldwide, providing ticketing services for hundreds of leading arenas, stadiums, performing arts venues, museums and theaters. In 2006, Ticketmaster sold more than 128 million tickets valued at over $7 billion on behalf of its clients, through a network of approximately 6,500 retail Ticket Center outlets located in cities in the United States and other

countries, more than 20 worldwide telephone call centers, the <ticketmaster.com> web site and other Ticketmaster-operated Internet sites.

4. Ticketmaster uses the domain name <ticketmaster.com> to sell event tickets online. Anyone in the world with a valid credit card and Internet access can utilize Ticketmaster's web site to buy tickets for entertainment events.

5. Long prior to Defendant's conduct described herein, Ticketmaster or its predecessors adopted, and Ticketmaster has continuously used, the inherently distinctive TICKETMASTER mark for ticketing and related services throughout the United States.

6. As a result of Ticketmaster's continuous and extensive marketing and sales, and the resulting widespread use of its services, the public has come to recognize and associate the TICKETMASTER name and mark with Ticketmaster and its services. Consequently, TICKETMASTER is a well-known and famous service mark, and Ticketmaster has come to own an enormously valuable goodwill symbolized by the TICKETMASTER mark.

7. Ticketmaster has duly registered its TICKETMASTER mark in the United States Patent & Trademark Office and owns valid and subsisting federal service mark registrations including the following:

| MARK | REG. NO. | REG. DATE | GOODS/SERVICES |
|---|---|---|---|
| TICKETMASTER | 1,746,016 | January 12, 1993 | IC 035: Accounting services for ticket sales rendered by computer; and, promoting sporting events, musical concerts and other entertainment events; ticket agency services for sporting events, musical concerts and other entertainment events. |
| TICKETMASTER. COM | 2,464,562 | June 26, 2001 | IC 035: On-line ticket agency services for sporting events, musical concerts and other entertainment events. |

| MARK | REG. NO. | REG. DATE | GOODS/SERVICES |
|---|---|---|---|
| ticketmaster | 2,742,550 | July 29, 2003 | IC 016: Printed tickets for sporting events, musical concerts and other entertainment events.<br><br>IC 035: Ticket agency services for dinner and hotel reservations; ticket agency services for sporting events, musical concerts and other entertainment events, rendered online, through phone orders and through ticket outlets; promotion of sporting events, musical concerts and other entertainment events of others; retail outlets featuring CDs, videos, and general consumer merchandise in the fields of sports, arts, and theatre.<br><br>IC 041: Arranging for ticket reservations for sporting events, musical concerts and other entertainment events. |
| ticketmaster | 2,643,508 | October 29, 2002 | IC 016: Printed tickets for sporting events, musical concerts and other entertainment events.<br><br>IC 035: Ticket agency services for dinner and hotel reservations; ticket agency services for sporting events, musical concerts and other entertainment events, rendered online, through phone orders and through ticket outlets; promotion of sporting events, musical concerts and other entertainment events of others; retail outlets featuring CDs, videos, and general consumer merchandise in the fields of sports arts, and theatre.<br><br>IC 041: Arranging for ticket reservations for sporting events, musical concerts and other entertainment events. |

8. Ticketmaster's exclusive right to use the TICKETMASTER mark is incontestable under 15 U.S.C. §§ 1065 and 1115, and the certificates of registration for Reg. Nos. 1,746,016 and 2,464,562 of the TICKETMASTER mark constitute "conclusive evidence" of the validity of the registered mark, of Ticketmaster's ownership of the mark, and of Ticketmaster's exclusive right to use the mark in connection with the goods or services specified in these registrations. 15 U.S.C. § 1115.

9. Ticketmaster has spent many millions of dollars to promote its ticketing services under the TICKETMASTER mark.

10. Ticketmaster's long use and promotion have made the TICKETMASTER mark well-known and famous and have created a strong secondary meaning signifying Ticketmaster and the services sold under the TICKETMASTER mark.

11. Defendant is engaged in the business of selling tickets to various events online in competition with Ticketmaster.

12. In connection with its business, Defendant registered and used the domain name <bigticketmaster.com> ("the Infringing Domain Name") to direct Internet users to a web site for its ticketing business.

13. On November 30, 2007, Ticketmaster filed a complaint in the above-captioned case against Defendant, wherein Ticketmaster alleged that the Infringing Domain Name and use of the "Ticketmaster" therein is identical or confusingly similar to Ticketmaster's mark since they consist of and incorporate in whole the TICKETMASTER mark.

14. Ticketmaster further alleged that the Infringing Domain Name uses the TICKETMASTER mark in connection with common descriptive or generic word which do not

avoid confusing similarity between the Infringing Domain Name and the TICKETMASTER mark.

15. Ticketmaster also alleged in its complaint that Defendant has used the Infringing Domain Name to divert Internet users from Ticketmaster's web site, and that Defendant's use of TICKETMASTER is likely to mislead members of the public into believing that the displayed mark and domain name <bigticketmaster.com> refer to Ticketmaster and its TICKETMASTER mark, or that Ticketmaster has authorized or sponsored or is associated with and responsible for Defendant's web site.

16. Ticketmaster has alleged in its Complaint that Defendant's use of TICKETMASTER without Ticketmaster's consent constitutes:

    A. Cybersquatting in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d);

    B. Trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and the common law of the various states;

    C. Unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and the common law of carious states, including Arizona; and

    D. Trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

17. The parties hereby seek to resolve all matters arising from the allegations in the above-captioned case and consent to the entry of this Stipulated Final Judgment and Order for permanent injunction and other equitable relief.

18. Accordingly, Defendant David Chernow and his respective agents, servants, employees, successors and assigns, and all others in active concert or participation with him, are permanently enjoined and restrained from:

    A. using the TICKETMASTER mark, <bigticketmaster.com>, or any combination of "ticket" and "master" in any manner;

    B. registering or maintaining any registration of <bigticketmaster.com>, any combination of "ticket" and "master", or any other names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the TICKETMASTER mark;

    C. using <bigticketmaster.com> or any other names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the TICKETMASTER mark;

    D. using any names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the TICKETMASTER mark on any web site or web sites of Defendant;

    E. using any names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the TICKETMASTER mark or any combination of "ticket" and "master" in any buried code, metatags, search terms, keywords, key terms, hit generating pages, or any other devices used, intended, or likely to cause any web site or web sites of Defendant to be listed by any Internet search engines in response to any searches that include any terms identical with or confusingly similar to the TICKETMASTER mark;

F.   otherwise infringing Ticketmaster's trademarks;

G.   making any description or representation stating or implying that Ticketmaster's goods or services, domain names, or web site is in any way affiliated, associated, authorized, sponsored, endorsed or otherwise connected with Defendant;

H.   any other conduct that is likely to cause confusion or to cause mistake or to deceive as to the source, affiliation, connection, or association of Defendant's domain name, Defendant's web sites, products or services, with Ticketmaster.

19.   Defendant also agrees to transfer ownership of the domain name <bigticketmaster.com> to Ticketmaster within seven (7) days of the entry of this Order.

20.   Defendants further agree to pay Ticketmaster the sum of money separately agreed between the parties within fourteen (14) days of the entry of this Order.

21.   Should Ticketmaster be required to move the Court to enforce this judgment, Ticketmaster shall be entitled to recover its reasonable attorneys' fees and costs related to that enforcement.

22.   This Court shall retain jurisdiction over this action for purposes of construing and ensuring compliance with this Order.

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

The Clerk shall close this file.

Date: January 28, 2008

JAMES WARE
United States District Judge

**CONSENTED AND AGREED TO:**

TICKETMASTER CORPORATION

Clement L. Glynn
GLYNN & FINLEY, LLP
100 Pringle Avenue, Suite 500
Walnut Creek, California 94596
Telephone: (925) 210-2801
Facsimile: (925) 945-1975

-and-

Robert W. Sacoff
Mark V.B. Partridge
J. Michael Monahan
PATTISHALL, McAULIFFE, NEWBURY HILLIARD & GERALDSON LLP
311 South Wacker Drive, Suite 5000
Chicago, Illinois 60606
Telephone: (312) 554-8000
Facsimile: (312) 554-8015

By: ______________________

Attorneys for Plaintiff, Ticketmaster Corporation

Dated: 1/23/08

DAVID CHERNOW

______________________

Dated: JAN. 18, 2008